IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RACHEL A. KERR,

    **Plaintiff,**

                            Civil Action 2:13-cv-457
    v.                            Magistrate Judge Elizabeth P. Deavers

COMMISSIONER OF SOCIAL SECURITY,

    **Defendant.**

**OPINION AND ORDER**

    Plaintiff, Rachel A. Kerr, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for social security disability insurance benefits and supplemental security income. This matter is before the Court for consideration of Plaintiff's Statement of Errors (ECF No. 11), the Commissioner's Memorandum in Opposition (ECF No. 21), Plaintiff's Reply (ECF No. 24), and the administrative record (ECF No. 8). For the reasons that follow, Plaintiff's Statement of Errors is **OVERRULED**, and the Commissioner's decision is **AFFIRMED**.

**I.**

**A.**    **Procedural History**

    Plaintiff filed her applications for benefits on April 10, 2012, alleging that she has been disabled since September 16, 2007, at age 28. (R. at 183-89, 190-97.) Plaintiff alleges disability as a result of developmental disability, degenerative disc disease, and depression. (R. at 224.) Plaintiff's applications were denied initially and upon reconsideration. Plaintiff sought a *de novo*

hearing before an administrative law judge. Administrative Law Judge Nino Sferrella ("ALJ") held a hearing on November 1, 2012, at which Plaintiff, represented by counsel, appeared and testified. (R. at 36-58.) Vocational expert Lynne M. Kaufman ("VE") also appeared and testified at the hearing. (R. at 61-70.) On December 3, 2012, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 13-28.) On March 11, 2013, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (R. at 1-6.) Plaintiff then timely commenced the instant action.

  In her Statement of Errors, Plaintiff does not challenge the ALJ's evaluation of her medical evidence or his calculation of her residual functional capacity ("RFC"). Instead, Plaintiff maintains that the ALJ erred in relying upon the VE's testimony that jobs exist in significant numbers in the national economy that Plaintiff can perform to conclude that she is not disabled. Plaintiff posits that the ALJ's reliance is improper because he failed to fulfill his affirmative responsibility to determine whether any conflicts existed between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). Plaintiff adds that the ALJ's reliance upon the VE's testimony is also erroneous because the VE premised her testimony on an inappropriate and inaccurate interpretation of the hypothetical the ALJ presented. Thus, this Court limits its review of the evidence to those portions of the hearing testimony, decision, and record that are at issue.

**B.**   **Factual Background**

  In his RFC formulation, the ALJ concluded that Plaintiff could perform a limited range of light work. Among other limitations, the ALJ stated that Plaintiff "is able to understand and

2

remember simple one and two-step instructions." (R. at 21-22.) In support of the ALJ's mental RFC assessment, he relied upon the opinions of consulting psychologists Margaret Smith, Ph.D., and Lari Meyer, Ph.D., as well as state-agency reviewing consultants Irma Johnston, Psy.D., and Karen Steiger, Ph.D.

Dr. Smith opined that Plaintiff "has sufficient information, judgment, and commonsense reasoning ability to live independently, to make important decisions concerning her future, and to manage her funds." (R. at 292.) She noted that in terms of functioning, Plaintiff completes housework daily as well as other basic activities of daily living and cooks several times per week. With regard to work-related abilities, Dr. Smith opined that Plaintiff "would be capable of comprehending simple and routine tasks" and that "she has the mental stress tolerance to perform at least simple and repetitive work tasks." (R. at 294.) Dr. Smith further noted that Plaintiff had "felt that she would be competent to complete simple and repetitive tasks." (*Id.*) The ALJ assigned "great weight" to the opinions of consulting psychologist Margaret Smith, Ph.D. (R. at 25.)

Dr. Meyer found Plaintiff's insight and judgment to be fair and found that she "would be able to follow simple instructions in order to complete a basic tasks" and "would be able to complete simple, rote, and repetitive work tasks." (R. at 449-53.) The ALJ assigned "some weight" to opinion of Dr. Meyer. (R. at 26.)

Drs. Johnston and Steiger opined that Plaintiff's "ability to understand and remember very short and simple instructions" was "[n]ot significantly limited," that her "ability to understand and remember detailed instructions was only "[m]oderately limited," that her "ability to make simple work-related decisions" was "[n]ot significantly limited," and that she was "able

3

to sustain concentration and persistence to complete simple 1 and 2 step repetitive tasks, in a setting without a fast pace." (R. at 82-84, 111-12.) The ALJ assigned the opinions of Drs. Johnston and Steiger "great weight." (R. at 26.)

At the hearing, before the VE testified, Plaintiff's counsel expressed that he agreed with the state-agency consultant's assessment of Plaintiff's mental limitations. (R. at 59.) Plaintiff's counsel added that in his view, limiting an individual to performing simple one and two-step instructions results in "a very limited range of any kind of work" that "falls almost in the category of assisted, accommodated work" and "corresponds with . . . the DOT . . . reasoning development level of one . . . ." (*Id*.)

The ALJ subsequently asked the VE to assume a hypothetical individual of claimant's age, education, and work history with identical RFC limitations, including the ability "to understand and remember simple and one [or] two-step instructions." (R. at 64.) In considering whether such an individual could sustain competitive employment, the VE acknowledged that Plaintiff's counsel "makes a point," that "most unskilled work involves more than just one or two steps." (R at 65.) The VE explained that the phrase "one and two-step[s]," interpreted literally, is "not consistent with competitive employment," but that in her experience, "the intent of saying one and two-step[s] may not mean that literally." (R. at 65, 69-70.) She further explained that based upon her over-twenty years of experience as a Social Security vocational expert, she interpreted the phrase to mean "simple, repetitive tasks." (*Id*.) Proceeding from this interpretation, the VE testified that examples of positions the individual could perform included cleaner, light bagger, and laundry folder. (R. at 65-66.)

The ALJ relied upon the VE's testimony to conclude that Plaintiff retained the RFC to perform jobs existing in significant numbers in the national economy, including the representative jobs of cleaner, bagger, and folder.  The ALJ also "determined that the [VE's] testimony is consistent with the information contained in the [DOT]."  (R. at 27.)

## II.

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").  Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial.  The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision.  *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).  Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'"  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  Finally, even if the ALJ's decision meets the substantial evidence

standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### III.

The Court concludes that substantial evidence supports the ALJ's nondisability determination and rejects Plaintiff's contention that the ALJ erroneously relied upon the VE's testimony. As a threshold matter, contrary to Plaintiff's assertion, the ALJ's failure to ask the VE if her testimony conflicted with the DOT, in the absence of an actual conflict, does not constitute reversible error. Plaintiff correctly points out that "the Social Security Administration imposes an affirmative duty on ALJs to ask if the evidence they have provided 'conflicts with the information provided in the DOT.'" *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 606 (6th Cir. 2009) (quoting SSR 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000)). But where the Plaintiff fails to demonstrate an actual conflict, courts have consistently held that an ALJ's failure to comply with SSR 00-4p's inquiry requirement constitutes harmless error. *See, e.g., Johnson v. Comm'r of Soc. Sec.*, 535 F. App'x 498, 508 (6th Cir. 2013); *Poppa v. Astrue*, 569 F.3d 1167, 1173 (10th Cir. 2009); *Renfrow v. Astrue,* 496 F.3d 918, 919 (8th Cir. 2007); *Cheers v. Colvin*, No. 1:12CV2728, 2014 WL 1224318, at *15–16 (N.D. Ohio Mar. 24, 2014).

Here, Plaintiff has failed to demonstrate an actual conflict. According to Plaintiff, interpreting the phrase "simple one and two-step instructions" literally corresponds with DOT Reasoning Development Level One, which creates a conflict with the cleaner and folder positions the VE identified. These positions, Plaintiff points out, correspond to DOT Reasoning

Development Level Two.  (Pl.'s Statement of Errors 10, ECF No. 11 (citing R. at 268–69).)  Plaintiff, however, offers no authority to support the literal, work-preclusive interpretation of the phrase "simple one and two-step instructions" that the VE rejected and Plaintiff now asks the Court to adopt.  To the contrary, a survey of governing authority reflects that the RFC limitation of "one or two-step instructions" is not work preclusive, and, in fact, corresponds with jobs classified at DOT Reasoning Development Level Two.  *See, e.g.*, *Lee v. Comm'r of Soc. Sec.*, 529 F. A'ppx 706, 709 (6th Cir. 2013) (hypothetical posed to VE that limited the individual to one- to two-step job tasks, among other limitations, was not work preclusive); *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 548 (6th Cir. 2010) (same); *Courter v. Comm'r of Soc. Sec.*, 479 F. A'ppx 713, 717 and 721–22 (6th Cir. 2012) (individual with limitation of one-and two-step job instructions suited for a variety of positions, including cleaner); *Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 833 and 846 (6th Cir. 2005) (same); *Sanders v. Colvin*, No. 1:13CV416, 2014 WL 2802977, at *1 (N.D. Ohio June 19, 2014) (individual with limitation of one-and two-step job instructions suited for a variety of positions, including laundry worker and cleaner).

Moreover, the United States Court of Appeals for the Sixth Circuit has rejected the notion that the Commissioner must align DOT reasoning levels with RFC classifications.  *Moneteri v. Comm'r of Soc. Sec.*, 436 F. App'x 434, 446 (6th Cir. 2011).  Consistently, courts within this circuit have rejected the very arguments that Plaintiff now advances in an effort to demonstrate the existence of a conflict.  *See, e.g.*, *Dyer v. Comm'r of Soc. Sec.*, No. 13-6024, --- F. App'x ----, 2014 WL 2609548, at *5–6 (6th Cir. June 11, 2014) (conceding that the DOT's utilization of the phrase "detailed but uninvolved" is confusing, but finding no conflict between

the jobs the VE identified, which "all require[d] the ability to remember and carry out 'detailed' instructions," and "the hypothetical given by the [ALJ] specified that the job requirements entail only 'simple' instructions"); *Russell v. Comm'r of Soc. Sec.*, No. 1:13-cv-291, 2014 WL1333262, at *13 (N.D. Ohio Mar. 31, 2014) (finding no conflict between the claimant's limitation to simple one- or two-step instructions and the ability to perform jobs with reasoning level two); *Hall v. Comm'r of Soc. Sec.*, No. 1:09-cv-2514, 2010 WL 562190, at *12 (N.D. Ohio Dec. 23, 2013) (rejecting the claimant's contention that ALJ's RFC finding that he was restricted to simple, repetitive one- to two-step tasks is only consistent with DOT reasoning level one).

 Finally, Plaintiff neither argues nor cites to record evidence suggesting that she is, in fact, capable of performing *literally* only one- or two-step tasks. Rather, many of Plaintiff's activities of daily living that the ALJ noted in his decision and relied upon in formulating his RFC, including caring for her personal hygiene, grocery shopping, preparing meals, and completing household chores, reflect her ability to perform more than literally one- or two-step tasks. In addition, the opinion of consultative examiner Dr. Smith, which the ALJ assigned "great weight," reflects that Plaintiff was capable of performing more than just one- or two-step tasks. (R. at 25, 292.) Specifically, Dr. Smith opined that Plaintiff could live independently, make important decisions concerning her future, and manage her funds.

 In sum, the Court finds no conflict with the VE's testimony and the DOT. Consequently, the ALJ's failure to ask the VE if her testimony conflicted with the DOT constitutes harmless error.

**IV.**

From a review of the record as a whole, the Court concludes that substantial evidence supports the ALJ's decision denying benefits.  Accordingly, Plaintiff's Statement of Errors is **OVERRULED**, and the Commissioner of Social Security's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

Date:  August 26, 2014  /s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge